IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE GARMON, # B-23470, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00287-JPG |
| | ) |
| ZACHARY ROECKEMAN, | ) |
| ROBERT CRAIG, JACK TOWNLEY, | ) |
| ERIC RUSSELL, K. BROWN, | ) |
| and MAJOR ROUSEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently incarcerated at Big Muddy River Correctional Center ("BMR"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a six year sentence for aggravated domestic battery. His claims arose during his incarceration at BMR. Plaintiff claims that the defendants, including Zachary Roeckeman (BMR's warden), Robert Craig (BMR's assistant warden of programs), Jack Townley (BMR lieutenant), Eric Russell (BMR receiving unit counselor), K. Brown (BMR receiving unit officer), and Major Rousey (BMR head corrections supervisor), violated his constitutional rights by denying him access to hygiene supplies, medical care, and the court (Doc. 1). Plaintiff claims that Defendants retaliated against him for filing grievances to address these issues. Plaintiff seeks compensatory and punitive damages (Doc. 1, pp. 9-10). He also seeks an injunction prohibiting Defendants from retaliating against him and allowing inmates same-day access to the law library for purposes of electronically filing documents (Doc. 1, p. 7).

Specifically, Plaintiff alleges that he is unable to purchase anything from the prison commissary because he is indigent (Doc. 1, p. 4).  Upon his arrival at BMR, Plaintiff received a one-week supply of hygiene items.  These products included a disposable razor, a disposable toothbrush, a single-use bar of soap, a ½-ounce tube of toothpaste, and a roll of toilet paper.

Plaintiff asked Defendants for help securing refills.  Defendant Townley said he could not do anything to help Plaintiff, and recommended that Plaintiff submit a written request for refills to the clothing supply room (Doc. 1, pp. 4-5).  Plaintiff's written requests were never answered (Doc. 1, p. 5).  Plaintiff wrote both wardens but, again, received no response.  Plaintiff spoke with Defendant Russell, who told him he was "beat" and has "got nothin' com[]ing."  Plaintiff alleges that the lack of hygiene supplies and water violates Illinois law and Illinois Department of Corrections policies.

Because of the lack of hygiene supplies, Plaintiff has been unable to properly clean the wounds he sustained while using his dull razor.  His gums have become infected.   His foul body odor causes tension with his cellmates.  He cannot clean his state-issued clothing.  Further, he cannot access medical care because he cannot afford the co-pay for services.

Plaintiff initially filed grievances to address his concerns (Doc. 1, p. 5).  After receiving no responses, Plaintiff began observing the grievance box.  Plaintiff witnessed Defendants Russell and Brown working together to destroy grievances by the handful.  When Plaintiff mailed a grievance addressing his request for hygiene supplies, Defendant Russell intercepted and returned the grievance to him.  Plaintiff also witnessed Defendant Brown write down the names of inmates who filed grievances and later "harass" those inmates.  In retaliation for Plaintiff's decision to file grievances, Defendant Brown denied Plaintiff dayroom privileges, which included shower access.

Plaintiff ultimately prepared a complaint to file with this Court (Doc. 1, p. 6). However, he had difficulty filing it electronically because Major Rousey imposed a rule prohibiting offenders from using the law library "without written, verifiable proof of a court deadline." Plaintiff could not produce proof of any court deadlines before commencing this action. His written requests for law library access went unanswered. Plaintiff was only allowed to use the library for thirty minutes during a 3½ month period of time. His attempts to file this lawsuit by mail also failed, after BMR intercepted and returned his mail to him. Plaintiff alleges that this lawsuit was delayed by more than a month. Plaintiff now sues Defendants in their individual and official capacities.

## Merits Review Pursuant to 28 U.S.C. § 1915A

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court is obligated to accept Plaintiff's allegations "as true and to draw all reasonable inferences in favor" of Plaintiff. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005)). Because Plaintiff is proceeding in this lawsuit pro se, the Court is also required to liberally construe his complaint. *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendants Roeckeman, Craig, Townley, and Russell based on the denial of hygiene supplies (Count 1). Plaintiff has not alleged that any of the remaining defendants personally participated in the denial of hygiene supplies. He has therefore failed to state an Eighth Amendment claim against Defendants Brown and Rousey.

Plaintiff has also articulated a colorable retaliation claim against Defendants Russell and Brown (Count 2). Plaintiff alleges that Defendant Russell intercepted a grievance he mailed,

brought it back to him, and then told Plaintiff that he "cannot file a grievance over lack of hygiene because the State doesn't have to provide" it (Doc. 1, p. 5). Defendant Brown retaliated against Plaintiff by routinely denying him dayroom privileges in retaliation for filing grievances, a deprivation which resulted in Plaintiff's inability to shower. Both sets of allegations meet the liberal notice pleading requirements for a retaliation claim. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).

Plaintiff has not asserted a colorable claim against Defendants Rousey, Russell, Brown, or any other defendants for a denial of his access to the court (Count 3). According to the Seventh Circuit, "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall*, 445 F.3d at 968. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062

(1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid,* 969 F.2d at 603.

Plaintiff alleges that Defendant Rousey instituted a policy prohibiting law library access—and electronic filing access—without proof of an impending court deadline (Doc. 1, p. 6).  Plaintiff claims that this lack of law library access caused a one-month delay in filing this lawsuit to address his lack of access to hygiene supplies, among other issues.  While the Court in no way condones a policy or practice of denying access to the law library, Plaintiff has failed to raise a constitutional claim in this case.  A one-month delay can be significant.  However, even a lengthy delay does not give rise to a constitutional claim if Plaintiff cannot demonstrate that the delay substantially prejudiced his ability to litigate his claims. Here, Plaintiff has not alleged that the delay caused him to miss any court deadlines or forego his right to pursue litigation.  Accordingly, his access to court claim against Defendant Rousey shall be dismissed without prejudice.

Likewise, Plaintiff has not articulated a colorable access to court claim against Defendants Russell and Brown, or any other defendants.  A prisoner's constitutional right of access to the court "includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court."  *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).  Plaintiff alleged that Defendants Russell and Brown interfered with his access to the court.  Once again, Plaintiff fails to allege that he suffered actual substantial prejudice as a result of Defendants Russell and Brown's conduct.  While the Court does not condone this conduct, Plaintiff has not asserted an access to court claim against Defendants Russell or Brown.  Plaintiff has not alleged that any other defendants were personally involved in this deprivation.  He has

therefore stated no access to court claim against Defendants Russell, Brown, Roeckeman, Craig, or Townley.  This claim shall be dismissed without prejudice.

Plaintiff has failed to state a claim against Defendants for the denial of his access to medical services (Count 4).  Plaintiff alleges only that he "cannot afford to pay the medical co-pay and therefore cannot see the nurse, doctor, or dentist" (Doc. 1, p. 5).  The Seventh Circuit has held that the "imposition of a modest fee for medical services, standing alone, does not violate the Constitution." *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).  In Illinois, there are a number of exemptions from the co-payment requirement, including one for people who meet the state's definition of indigency.  *Id.* (citing 730 ILCS 5/3-6-2(f)).  Where an Illinois inmate is truly indigent, he is exempt from the co-payment requirement.  However, Plaintiff's complaint lacks any detail regarding this claim, beyond the allegation set forth herein.  It is altogether unclear whether Plaintiff is claiming that an individual deprived him of access to medical services, a policy or custom resulted in his lack of access, or his own misunderstanding of the co-payment requirement served as a barrier to his access to medical services.  Plaintiff has failed to state a claim upon which relief can be granted, and this claim shall be dismissed without prejudice.

**Pending Motions**

Plaintiff has filed a motion to proceed in forma pauperis (Doc. 2).  Along with this motion, Plaintiff submitted an affidavit stating that he has no employment, has received no income for the last twelve months beyond his state stipend, and has no assets.  Plaintiff has not tendered an updated certified copy of his inmate trust fund account statement from all facilities where he has been incarcerated for the past six months.  Plaintiff included an inmate trust fund account statement from BMR, where he is currently incarcerated.  He did not provide one from

Graham Correctional Center ("Graham"), where he was previously incarcerated. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from Graham, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward the initial partial filing fee to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 3) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at BMR.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge **Philip M. Frazier** for further consideration.

Finally, Plaintiff has filed a motion for service of process at government expense (Doc. 4). The motion is **GRANTED in part** and **DENIED in part.** Service shall be ordered below for Defendants Roeckeman, Craig, Townley, Russell, and Brown. Service shall not be ordered for Defendant Rousey.

## Disposition

**COUNTS 3** and **4** are **DISMISSED** without prejudice. **DEFENDANT ROUSEY** is dismissed without prejudice.

As to **COUNTS 1** and **2,** the Clerk of Court shall prepare for **DEFENDANTS**

**ROECKEMAN, CRAIG, TOWNLEY, RUSSELL,** and **BROWN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**  April 25, 2013

s/ J. Phil Gilbert<br>**U.S. District Judge**