IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSE GARMON, B23470,

    Plaintiff,

vs.

ZACHARY ROECKEMAN, et al.,

    Defendants.

Case No. 13-cv-00287-SMY-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. 31) on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing suit. This Court previously rejected the Report and Recommendation ("Report") (Doc. 54) of Magistrate Judge Philip M. Frazier recommending this Court grant Defendants' Motion (Doc. 58) and held an evidentiary hearing on March 25, 2015. Plaintiff appeared by video and testified as to his grievances and appeals. For the following reasons, the Court **DENIES** Defendants' Motion for Summary Judgment (Doc. 31).

    Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

    In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere

existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252. As an initial matter, the Court will look to the standards for determining exhaustion of administrative remedies.

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997e(a). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* (emphasis added). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

Put another way, exhaustion is a condition precedent to filing a claim in federal court, so the inmate must exhaust before he commences his federal litigation. *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Perez v. Wisconsin Department of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). If the inmate fails to exhaust before filing suit in federal court, the district court must dismiss the suit (or dismiss any claims not fully exhausted). *See Jones v. Bock,* 549 U.S. 199, 223 (2007); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). Although *dismissal* is the procedural step the district court takes if a plaintiff failed to exhaust prior to filing suit, the issue of exhaustion most often is raised via summary judgment motion, so that the Court can consider evidence

"outside the pleadings," such as affidavits, grievances, responses, appeals, and related documentation. *See* Fed. R. Civ. P. 12(d); 56.

Exhaustion-based dismissals are made without prejudice. *Burrell,* 431 F.3d at 285, *citing Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice…"), and *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice"). Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). Here, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust all available administrative remedies before he filed this suit. *See Kaba*, 458 F.3d at 681, citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

As an inmate confined within the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims, per a three-step administrative process. 20 ILL. ADMIN. CODE § 504.800 *et seq*. The grievance procedures first require inmates to speak with the counselor about their complaint. 20 ILL. ADMIN. CODE § 504.810(a). Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer...[who]shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE § 504.830(d).

If the inmate is not satisfied with the Chief Administrative Officer's response, the third and final step is to file an appeal with the Director through the ARB. The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." 20 ILL. ADMIN. CODE § 504.850(a). "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE § 504.850(e). "The Director shall review the

findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 ILL. ADMIN. CODE § 504.850(f).

    While the Seventh Circuit takes a strict compliance approach to exhaustion, inmates can only be expected to exhaust the remedies that are *available* to them.  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("…a remedy becomes 'unavailable' if prison employees… use affirmative misconduct to prevent a prisoner from exhausting.") (citing *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002); *Dale v. Lappin*, 376 F.3d 652 (7th Cir. 2004)).  In *Dole*, the Seventh Circuit found the inmate had exhausted administrative remedies where he had followed procedure and prison officials were responsible for the mishandling of his grievance.  The Court noted the lack of a receipt system for prisoner mail and analogized the case to one in which a prisoner did not file an appeal after he had filed several unanswered grievances and was told "sometimes grievances get torn up." *Id*. at 811.  The Court, citing *Houston v. Lack,* 487 U.S. 266 (1988), also noted the unique circumstances that distinguish the abilities of *pro se* prisoner litigants from other litigants who can place their paperwork directly in the hands of the court clerks or the postal service and to call to determine receipt.  The Supreme Court in *Houston* went a step further to highlight the *pro se* prisoner's position in being forced to entrust grievances and appeals to the very prison authorities against whom they might be written and whom "may have every incentive to delay."  487 U.S. at 270-72.

    When exhaustion of administrative remedies is contested in prisoner litigation, a district judge first conducts a hearing in accordance with *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).  The Court is permitted to make findings of fact and credibility assessments of witnesses at the evidentiary hearing, and credibility determinations will not be disturbed on appeal unless they are completely without foundation and made in clear error.  *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564 (1985); *United States v. Norris*, 640 F.3d 295 (7th Cir. 2011)).

    Here, Plaintiff alleged both in his pleadings and by testimony that grievances filed in Big Muddy River Correctional Center are frequently intercepted and destroyed by correctional officers.  He attached

4

to his Response to Defendants' Motion for Summary Judgment (Doc. 40) two affidavits from other inmates who claim to have witnessed the interception of grievances and one inmate who filed a grievance and, after six months, had received no response. Plaintiff claims, and swore in both evidentiary hearings, that he properly filed a grievance appeal addressed to Springfield, Illinois on or around March 14, 2013 after receiving a denial at the second stage of the grievance process. Expecting that his grievance appeal might be intercepted and destroyed, he filed his lawsuit. Plaintiff testified that he still had not received a response to his appeal, and interpreted the lack of response as affirmation that his appeal was, in fact, intercepted.

This Court, as well as counsel for Defendants, questioned Plaintiff as to his activities in filing his grievance appeal. The Court listened closely for inconsistencies in Plaintiff's responses and carefully observed Plaintiff's demeanor for signs of deception. There were none, and the Court found Plaintiff's testimony to be credible.

Without any evidence to contradict Plaintiff's testimony, the Court concludes that Plaintiff followed the Illinois Department of Correction's Grievance Procedures for Offenders to properly exhaust his claims to the best of his ability. While no third-step grievance appeal was received by the ARB, *Dole* allows the Court to find administrative remedies exhausted when an inmate presents credible testimony indicating that he followed procedure and prison officials were responsible for the mishandling of his grievance.

Accordingly, the Court finds that Plaintiff exhausted his administrative remedies and **DENIES** Defendants' Motion for Summary Judgment. A final pre-trial conference remains set for November 4, 2015 at 9:30 AM, and a trial by jury remains set for November 16, 2015 at 9:00 AM.

**IT IS SO ORDERED.**

**DATED:**  April 2, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
